question; and that efforts finally made in 1910 to secure a tenant were unsuccessful. No payments were made from the principal of the trust fund to offset the loss of rents. It is enough to say on this point that where the life tenant, to whom would be paid any rent collected from the realty, directs the trustee not to rent the property, but to maintain it unoccupied for reasons which she deems sufficient, it is not only the privilege, but it is the duty, of the trustee to obey such direction. As to the items of payments for attorney's fees, the rendition of the services is not disputed, nor is their value questioned. The disallowance of the sum of $1,250 is based on the ground that the services to that extent were rendered to the life tenant personally, and should be paid by her. Under the will of Sarah W. F. Smith, the trustee is authorized to apply such portion of the capital of the trust funds as it may deem advisable to the use of her daughter, the beneficiary and life tenant herein. Smith v. Floyd, 193 N. Y. 683, 87 N. E. 1127. The trustee exercised the power thus conferred, and no objection thereto was ever made by the beneficiary personally or by any one with her authority or knowledge, nor is such urged by her present attorney. We think the entire payment may properly be allowed.

The judgment appealed from will therefore be modified by striking out the provisions surcharging the trustee with the sums of $1,250 and $371.17, and so as to approve the account and supplemental account as filed and to dismiss all objections and proposed surcharges thereto, and as so modified it is affirmed, with costs to the appellant and respondents herein payable out of the principal of the estate. All concur.

---

### GAGLIARDI v. GODWIN CONST. CO.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. MASTER AND SERVANT (§§ 101, 102*)—INJURY TO EMPLOYÉ—INSTRUCTIONS.

In an action for the death of an employé from being hit by some beams which were being hoisted, it was error to instruct that it was the unqualified duty of the master to furnish necessary, safe, and suitable appliances for the prosecution of the work; such charge in effect making the master an insurer, whereas only reasonable care is required.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178, 184, 192; Dec. Dig. §§ 101, 102.*]

2. MASTER AND SERVANT (§ 293*)—INSTRUCTIONS.

Where, in an action for the death of an employé by beams which were being hoisted, the issue was whether the beams slipped out of the chain, or whether the chain was improper and fell off the derrick with the beams, the action of the court in instructing that it was plaintiff's absolute duty to furnish safe and suitable appliances for the work, together with a refusal to instruct that, if the chain did not come loose, then the question of whether or not it was improper was not material to the case, constituted reversible error.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160; Dec. Dig. § 293.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Luigi Gagliardi, as administrator, against the Godwin Construction Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Edward M. Grout, of New York City, for appellant.
Charles Goldzier, of New York City, for respondent.

MILLER, J. The plaintiff's intestate, while in the defendant's employ, was killed by being hit by some beams which were being hoisted from an excavation to the sidewalk. The plaintiff's claim of negligence was that the chain furnished by the defendant was unsuitable, in that the ring was too small to fit onto the hook of the derrick, and that as a consequence, as the beams were being lowered to the sidewalk, the chain fell off and allowed them to hit the deceased. At the opening of the trial, by stipulation, the issue was narrowed to the question whether the beams slipped out of the chain, or whether the chain was improper and fell off with the beams.

[1, 2] The court charged, at the request of the plaintiff:

"That it was the unqualified duty of the master, the defendant in this action, to furnish the plaintiff with necessary, safe, and suitable appliances for the prosecution of the work."

And refused to charge the following request of the defendant:

"I ask your honor to charge the jury that if they believe that the chain remained suspended from and attached to the hook of the derrick after the happening of the accident, that then the question of whether or not the ring was too small, or the hook too large, is entirely immaterial, and is removed from the case, and that their verdict must be for the defendant."

The exceptions to said charge and refusal to charge present the serious obstacles to the affirmance of this judgment.

The charge excepted to in effect made the master the insurer, whereas the rule is elementary that only due—i. e., reasonable—care is required. In the main charge, the court had correctly stated the rule, and it is difficult to understand why counsel should imperil a verdict by making such a request. The word "unqualified" must have been understood by the jury in the sense of "absolute." However, if that exception stood alone, we might not reverse the judgment, in view of the narrow issue presented to the jury; it being virtually conceded that the chain was not a proper appliance, if the ring did not fit onto the hook of the derrick. But by the refusal to charge as requested by the defendant the jury were virtually permitted to find a verdict for the plaintiff, even though they found with the defendant on the single issue which by mutual consent was litigated; i. e., whether the beams slipped out of the chain, or whether the chain fell with the beams from the derrick. Of course, if the chain remained suspended from the derrick, the relative size of the ring and the hook had nothing to do with the accident, which, in such case,

must have been due to the fact that, owing to the negligence of a fellow servant, the beams were not properly secured by the chain.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.